IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN RHODEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-359-MJR |
| ) | |
| MARVIN F. POWERS, TERRY ) | |
| CALIPER, B. HOUSEWRIGHT, ) | |
| CHARLES L. HINSLEY, GEORGE C. ) | |
| WELBORN and CAROLYN DUMAS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and was not required to pay an initial partial filing fee.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

      **COUNT 1:** Against defendants Powers, Caliper, Hinsley and Welborn for failing to treat him for lung problems, in violation of his rights under the Eighth Amendment.

      **COUNT 2:** Against Defendants Powers, Caliper, Hinsley and Welborn for failing to

        provide proper treatment for his athlete's foot, in violation of his rights under the Eighth Amendment.

**COUNT 3:**   Against Defendants Hinsley, Welborn and Housewright for failing to correct problems in the ventilation system at Tamms, in violation of his rights under the eighth Amendment.

**COUNT 4:**   Against Defendants Powers and Hinsley for use of excessive force, in violation of his rights under the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff alleges that when he arrived at Tamms in March 1998, he advised Defendants Powers and Caliper that he had been exposed to an inmate who had an active case of tuberculosis. He also told them that he was experiencing some pain in his lungs, and he asked them to take x-rays or administer other tests in order to determine whether he had contracted the disease. He claims that Powers denied his request; Caliper, Hinsley and Welborn concurred with Powers's decision.

Finally, Plaintiff alleges that over a period of six years immediately preceding the filing of this action, Powers continued to refuse to conduct any medical tests to determine whether Plaintiff suffers from tuberculosis.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

However, except for the allegations regarding Powers's continued disregard for Plaintiff's requests for medical treatment, all other allegations regarding tuberculosis encompass events that occurred in Mary 1998, more than six prior to the filing of this action. Therefore, the claims against Powers, Caliper, Hinsley and Welborn regarding events from March and April of 1998 are barred by the statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); 735 ILCS 5/13-202.

Accordingly, the claims against Caliper, Hinsley and Welborn are dismissed with prejudice from Count 1.

**COUNT 2**

Plaintiff next states that he suffers from athlete's foot. He alleges that Powers prescribed various medications to treat this condition, but nothing seemed to work. Apparently Plaintiff

complained to Caliper, Hinsley and Welborn about the lack of effectiveness of these treatments, yet none of them took action to correct the situation.

Although the Eighth Amendment encompasses claims regarding deliberate indifference to a serious medical need, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). The allegations against Powers regarding treatment of Plaintiff's athlete's foot constitute, at best, claims of medical negligence, which are not actionable under the Eighth Amendment. It follows, therefore, that the claims in this count against Caliper, Hinsley and Welborn are also not actionable. Accordingly, Count 2 is dismissed from this action with prejudice.

**COUNT 3**

Plaintiff next claims, vaguely, that at an unspecified point in time, problems with the ventilation system at Tamms exacerbated his respiratory problems. He complained to Defendants Housewright, Hinsley and Welborn, yet nothing was done to correct the problem.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Plaintiff's vague allegations regarding this situation are simply insufficient to state a claim under the Eighth Amendment. Accordingly, Count

3 is dismissed from this action with prejudice.

**COUNT 4**

At the very bottom of page five of the complaint, Plaintiff states the following:

> Here it should be noted that on 910-03, defendants assaulted Plaintiff, pursuant to the order of defendant Hinsley...."

Below that statement, as a "special note," Plaintiff clarifies that this assault was perpetrated by Powers; apparently Caliper and other unnamed officers were present when this incident occurred.[1] Because of the offhand manner in which this incident is mentioned, the Court is not sure that this statement should be interpreted as a separate claim.  However, reading this statement with a liberal interpretation, it seems that Plaintiff may be raising a claim of excessive force against Powers and Hinsley.

The Court next takes judicial notice of Plaintiff's allegations in another action pending in this District.  *See Rhoden v. Powers*, Case No. 04-413-DRH (S.D, Ill., filed June 15, 2004).  In his complaint in that action, Plaintiff also includes a brief mention of this same incident.  However, in that case he provides more detail, explaining that this alleged assault occurred within the context of extracting a DNA sample from Plaintiff.

Although the intentional use of excessive force by prison guards against an inmate may constitute cruel and unusual punishment in violation of the Eighth Amendment, not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of

---

[1] The "special note" states that this incident occurred on "9-10-04."  However, this action was filed prior to that date, so the Court will assume that the correct date is September 10, 2003, especially since this same precise date is mentioned in Plaintiff's other case, referenced below.

mankind.'"  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).; *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

Even with Plaintiff's brief statement, it seems clear that this alleged "assault" involved such a *de minimis* use of force in the context of administering a medical test.  Accordingly, Plaintiff has failed to state an actionable claim of excessive force, and Count 4 is dismissed from this action with prejudice.

**OTHER ALLEGATIONS**

Buried in Plaintiff's litany regarding his lung problems, he briefly states: "Meanwhile Plaintiff started to show symptoms of advanced cancer which spread to adjacent tissues."  This is the first and last mention of cancer, and Plaintiff makes no allegations against anyone regarding the treatment provided for this condition.  Therefore, the Court does not interpret this statement as a separate claim.

Finally, at the bottom of page six of the complaint, Plaintiff states that Defendant Dumas "acted in the stead" of Welborn and Hinsley.  She was thus aware of these events yet took no corrective action. Because all claims of supervisory liability against Welborn and Hinsley have been dismissed, Plaintiff has presented no viable claims against Dumas.  Accordingly, Dumas is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the **claims in Count 1against Caliper, Hinsley and Welborn** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2**, **COUNT 3** and **COUNT 4** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **CALIPER, WELBORN, HINSLEY, HOUSEWRIGHT** and **DUMAS** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **POWERS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **POWERS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 24th day of April, 2006.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**