IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARVIN RHODEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:04-cv-359-MJR |
| | ) | |
| MARVIN F. POWERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Defendant Marvin F. Powers on October 15, 2007 (Doc. 16). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff Marvin Rhoden, an inmate in the Tamms Correctional Center, filed this action on May 25, 2004, alleging deprivations of his constitutional rights by prison personnel in violation of 42 U.S.C. § 1983. The Court completed its threshold review pursuant to 28 U.S.C. § 1915A on April 24, 2006, finding that Plaintiff had stated a claim against Defendant Powers for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. All other claims and defendants were dismissed from the action (Doc. 5).

On October 15, 2007, Defendant Powers filed the instant motion for summary judgment

(Doc. 16), arguing that the entry of summary judgment in his favor is appropriate because there are no genuine issues of material fact and he is entitled to judgment as a matter of law. On the same date, Defendant also filed a notice pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), instructing Plaintiff how to properly respond to a motion for summary judgment, and warning him of the consequences of failing to respond. That notice correctly informed Plaintiff, "Unless you respond to this motion with sworn statements which contradict important facts claimed by the Defendant in his sworn materials, the Court will accept the Defendant's uncontested facts as true." (Doc. 18, pp. 2-3). Despite this notice and warning, Plaintiff did not respond to Defendant's motion for summary judgment. Pursuant to SDIL-LR 7.1(c), the Court considers Plaintiff's failure to respond an admission of the merits of the motion.

In his complaint, Plaintiff states that he was transferred to Tamms Correctional Center in 1998. In March or April of that year, he saw Defendant Powers and informed him that he had been exposed to an inmate with active tuberculosis. Plaintiff also reported experiencing frequent lung pain (Doc. 1, p. 4). Plaintiff states that Defendant Powers refused his requests for x-rays and a tuberculosis test, and continued to deny these tests for six years (Doc. 1, pp. 4-5). Plaintiff contends that Defendant Powers's continued failure to test him for tuberculosis after his exposure thereto and after his complaints of lung pain, constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment (Doc. 1, p. 5).[1]

In the motion for summary judgment, Defendant Powers contends that the Plaintiff does

---

[1] In its threshold order, the Court dismissed as untimely any claims regarding Defendant Powers's treatment of Plaintiff upon his arrival at Tamms in 1998. The Court specified that Plaintiff could proceed only on his claim "regarding Powers's continued disregard for Plaintiff's requests for medical treatment." (Doc. 5, p. 3).

not suffer from any lung condition, that he treated Plaintiff Rhoden regularly for other ailments, and that Plaintiff frequently refused appointments with medical staff. Defendant Powers argues that his treatment does not amount to deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

In support of the motion for summary judgment, Defendant Powers submits an affidavit and copies of Plaintiff's medical records, which are summarized below.

On February 13, 2004, Plaintiff attended sick call for "respiratory problems." Upon seeing the nurse, however, he asked about residual side effects from a medication he had been prescribed in the past. The attending nurse wrote in his chart: "Difficult to assess, Inmate was focused on medication prescribed some time ago, and wanted to discuss that issue rather than his respiratory complaints." The nurse reported that Plaintiff's lungs were clear bilaterally, with no crackles or wheezing. He was neither short of breath nor sweating. His respiration was even and unlabored. He spoke loudly and continuously without difficulty breathing (Doc. 16, Exh. 10).

Plaintiff refused routine physical examinations on March 10, 17, and 22, 2004, and August 4, 2004 (Doc. 16, Exhs. 5-9, 11-12).

Another Tamms Healthcare Unit employee saw Plaintiff on August 12, 2004, for complaints of lung pain (Doc. 16, Exh. 13). At that examination, Plaintiff's vital signs were normal, his lungs were clear, and he did not exhibit a cough (Doc. 16, Powers Affidavit ¶ 16).

Plaintiff complained to a nurse of difficulty breathing on September 17, 2004. The nurse's examination indicated, however, that Plaintiff was talking as usual without difficulty, he was not sweating, and his pulse and blood pressure were normal (Doc. 16, Exh. 14).

Plaintiff was scheduled to see Defendant Powers on September 30, 2004, but Plaintiff refused to cooperate in being taken to the examination room (Doc. 16, Exh. 15). On October 7, 2004, Plaintiff made a number of medical complaints during sick call, but refused to come out of his cell for assessment (Doc. 16, Exh. 16). On November 4, 2004, Plaintiff again refused to see Defendant Powers (Doc. 16, Exh. 17).

On January 31, 2005, Defendant examined Plaintiff. Plaintiff complained of foot and skin problems, which Plaintiff believed to be skin cancer (Doc. 16, Exh. 18). Defendant Powers diagnosed a fungal infection on Plaintiff's feet, but found no evidence of skin cancer. Plaintiff did not complain about his lungs at this examination.

Defendant examined Plaintiff on April 26, May 24, June 24, and July 29, 2005, for foot problems (Doc. 16, Exhs. 19, 20, 21, and 22). Plaintiff made no complaints of lung pain or difficulty breathing at any of these appointments. Plaintiff refused to be examined by Defendant Powers on August 22, 2005 (Doc. 16, Exh. 23).

On November 8, 2005, Plaintiff complained of continued foot problems but made no complaints involving his lungs (Doc. 16, Exh. 24). On December 8, 2005, Plaintiff refused to leave his cell for an appointment with Defendant Powers (Doc. 16, Exh. 25).

On February 6, 2006, Defendant Powers examined Plaintiff. His vital signs were normal, and he made no complaints about his lungs or breathing problems (Doc. 16, Exh. 26). Plaintiff was scheduled to see Defendant Powers on February 23, 2006, but was not removed from his cell because of a disciplinary infraction (Doc. 16, Exh. 27).

On March 9, 2006, Plaintiff complained to a nurse of respiratory problems (Doc. 16, Exh. 28). An appointment with Defendant Rhoden was scheduled for March 20, 2006, but Plaintiff

again refused to be seen (Doc. 16, Exh. 29). Plaintiff also refused examinations on April 10 and 26, 2006 (Doc. 16, Exhs. 30 and 31).

Defendant Powers examined Plaintiff on May 11, 2006, for complaints of lung pain (Doc. 16, Exh. 32). Upon examination, Defendant Powers found no pathology of the chest and noted no coughing or sneezing upon deep inspiration. Plaintiff's breath sounds were normal. Plaintiff did not report cough, sputum, or wheezing. Defendant Powers ordered chest x-rays, which were "unremarkable and required no further action." (Doc. 16, Powers Affidavit, ¶¶ 35-38).

Based upon this medical history, Defendant Powers concluded that Plaintiff "suffers from no problems attributable to his lungs." He does not have tuberculosis, or cancer of any form, nor does he display "any signs or symptoms of any lung problems." Defendant Powers stated, "In my opinion, Mr. Rhoden suffers from no serious medical needs relating to his lungs." (Doc. 16, Powers Affidavit, ¶¶ 43-47).

**CONCLUSIONS OF LAW**

The Court finds, and therefore recommends, that the failure of the Plaintiff to respond to the pending motion, despite being give the appropriate notice, is an admission of the merits of the motion pursuant to SDIL-LR 7.1(c).

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005); Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage,

Inc., 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970). See also Lawrence v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ballance v. City of Springfield, Illinois Police Department, 424 F.3d 614, 616 (7th Cir. 2005); Hottenroth v. Village of Slinger, 388 F.3d 1015, 1027 (7th Cir.2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." Spiegula v. Hull, 371 F.3d 928, 935 (7th Cir. 2004). See also Anderer v. Jones, 385 F.3d 1043, 1064 (7th Cir. 2004).

> An opposing party has an obligation to respond to a motion for summary judgment.
>
> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (effective December 1, 2007). See also Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003) (summary judgment is proper when plaintiff's case consists only of "factually unsupported claims;" when faced with evidence presented by moving party, plaintiff cannot rest upon pleadings alone, but must demonstrate specific facts that indicate existence of "genuine issue for trial").

*Deliberate Indifference*

The Supreme Court has recognized that "deliberate indifference to serious medical needs

of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, (1976). In order to prevail on this claim, the Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." Greeno v. Daley, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). With respect to the objective component of that inquiry, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Foelker v. Outagamie County, 394 F.3d 510, 512-513 (7th Cir. 2005) (citation omitted).

A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference to a serious medical need. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. Duckworth, 780 F.2d at 653; Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987). Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. Greeno, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact

finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer v. Brennan, 511 U.S. 825, 842 (1994) (citations omitted).

*Application of Law to Facts*

As to the objective prong of the analysis, Defendant Powers has provided sufficient evidence that Plaintiff does not suffer from a serious medical need involving his lungs. Defendant Powers averred that Plaintiff "suffers from no problems attributable to his lungs." (Doc. 16, Powers Affidavit ¶ 43). In Defendant Powers medical opinion, "[t]here is nothing in Mr. Rhoden's presentation which would suggest that he suffers from any serious medical needs relating to his lungs, including, but not limited to, no evidence of tuberculosis or cancer." (Doc. 16, Power Affidavit ¶ 47). Neither physical examinations nor objective tests indicated any problem with Plaintiff's lungs. Because Plaintiff's failure to respond to the motion constitutes an admission, the Court finds that there exists no genuine issue of material fact regarding whether Plaintiff suffers from a serious medical need.

Even if, for purposes of argument, Plaintiff did suffer from a serious medical need, the affidavits and medical records accompanying the motion for summary judgment do not indicate that Defendant Powers acted with deliberate indifference to that need. The evidence shows that Defendant Powers saw Plaintiff on numerous occasions. At most of these appointments, Plaintiff complained only of foot problems, which Defendant Powers treated. On only a few occasions did Plaintiff complain of lung pain and difficulty breathing. At those times, however, objective medical findings contradicted Plaintiff's complaints. Furthermore, the evidence indicates that Plaintiff frequently refused routine medical treatment when offered.

Based on this evidence, and Plaintiff's failure to refute it, the Court finds that no genuine

issue of material fact exists regarding whether Defendant Powers acted with deliberate indifference in treating Plaintiff's medical needs.  As such, Defendant Powers is entitled to judgment as a matter of law.  The undersigned thus recommends that summary judgment be granted in favor of Defendant Powers.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Court adopt the foregoing findings of fact and conclusions of law, that the Motion for Summary Judgment (Doc. 16) be **GRANTED**, and the case **DISMISSED** with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  February 29, 2008**

                                                  s/ *Donald G. Wilkerson*
                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**